2DUFRESNE, Chief Judge.
This is an appeal by Lydia Gilton, Susan Johnson and Cheryl Washington, plaintiffs-appellants, from a summary judgment dismissing the sheriffs of St. John and St. James Parishes from this fog-bound automobile accident case. For the following, reasons, we affirm the district court judgment.
The following facts are admittedly undisputed. A little before 6 AM on October 30, 2000, Lydia Gilton was driving to work accompanied by two co-workers, Susan Johnson and Cheryl Washington. As they crossed the Veterans Memorial Bridge traveling toward Gramercy, Gilton ran into the back of a pick-up truck driven by Patrick Waguespack which was stopped on the roadway because it had rear-ended yet another vehicle.
It was admitted by all parties that the morning was foggy and that poor visibility in this fog was being exacerbated by smoke from a marsh fire that had been burning for several days. Waguespack testified in deposition that the road was fairly clear up to the point where the superstructure ended on the down side of the bridge. “Then it was like hitting a wall of smoke and fog, and like other people described it, you really couldn’t see right past the hood of the vehicle,” he said. |3 He further said that his truck was rear-ended by Gilton’s vehicle about ten seconds later.
Gilton testified that there was some fog all along the bridge, but that she then ran into a thick fog bank. She said that she had been going about 45 mph until she hit the fog bank, and then she slowed to about 30 mph. She admitted that that was probably too fast for the visibility.
Trooper Matthew Sinanan, the investigating officer, discussed the ongoing problem with the fog and smoke in his deposition. He said that the State Police and the St. John and St. James Sheriffs’ Departments had been battling the problem for several days. He noted that the authorities never knew where these fog and smoke banks would be thick and where not. He said that some days the bridge was clear and other days it was not, but indicated that it was unpredictable. He also stated that when he arrived at the scene of the present accident he notified his superiors that the bridge should be closed immediately.
*198 The plaintiffs named, among others, the St. James and St. John Parish sheriffs as defendants. The allegation as to these officials is that the failed to close the bridge to traffic in time to prevent this accident. Both sheriffs moved for summary judgment, relying on the above deposition excerpts, and the matters were set for a hearing three months later. Plaintiffs did not file any papers in opposition to those motions. After hearing argument, the trial judge granted these motions. This appeal followed.
The pertinent rule here concerning summary judgments is that where the moving party will not bear the burden of proof at trial, it is sufficient for that party to show that there is an absence of factual support for any essential element of the opposing party’s case. If the opposing party then does not come forward with such support, then summary judgment is appropriate. La.Code Civ. Pro., Art. 966C(2).
|4In the present matter, plaintiffs assert that the sheriffs have a duty to protect the motoring public from unreasonable risks of harm on the roads, and the sheriffs do not contest this legal principle. However, an essential element of proof in a suit alleging that there was a breach of this duty is a showing that the officials were aware of the unsafe condition, and failed to act on this information. See Fitzgerald v. Files Timber Co., 29,145 (La.App. 2nd Cir.1/22/97), 687 So.2d 674.
The sheriffs presented the testimony of Trooper Sinanan to the effect that the appearance of the fog and smoke banks was unpredictable, and that some days it would arise on a road or bridge and some days it would not. He also said that the sheriffs and the State Police had been battling with the problem for several days and were monitoring the situation constantly. The plaintiffs presented no testimony or other evidence to refute the trooper’s version of the problem and the authorities’ response to it. Neither did they present evidence to show that the sheriffs or their deputies were aware of the fog and smoke bank on the bridge immediately prior to the accident and failed to take appropriate action.
On the above showing, we agree with the trial judge that there are no material facts in dispute and that the defendant sheriffs are entitled to judgment as a matter of law. We therefore affirm the judgment.

AFFIRMED.